UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------
CHRISTOPHER D.,

                           Plaintiff,        <u>DECISION AND ORDER</u>
                                             1:22-cv-00659-GRJ

     v.

COMMISSIONER OF SOCIAL SECURITY,

                           Defendant.
-------------------------------------------------------
GARY R. JONES, United States Magistrate Judge:

    In April of 2019, Plaintiff Christopher D.[1] applied for Disability

Insurance Benefits under the Social Security Act. The Commissioner of

Social Security denied the application.  Plaintiff, represented by Joseph

Albert Romano, Esq., commenced this action seeking judicial review of the

Commissioner's denial of benefits under 42 U.S.C. §§ 405 (g) and 1383

(c)(3).  The parties consented to the jurisdiction of a United States

Magistrate Judge. (Docket No. 10).

    This case was referred to the undersigned on March 17, 2023.

Presently pending are the parties' Motions for Judgment on the Pleadings

---

[1] Plaintiff's name has been partially redacted in compliance with Federal Rule of Civil Procedure 5.2 (c)(2)(B) and the recommendation of the Committee on Court Administration and Case Management of the Judicial Conference of the United States.

under Rule 12 (c) of the Federal Rules of Civil Procedure. (Docket Nos. 13, 16).

For the following reasons, Plaintiff's motion is due to be denied, the Commissioner's motion is due to be granted, and this case is dismissed.

## I.  BACKGROUND

### A.    Administrative Proceedings

Plaintiff applied for benefits on April 12, 2019, alleging disability beginning August 18, 2018. (T at 206-209).[2]  Plaintiff's application was denied initially and on reconsideration.  He requested a hearing before an Administrative Law Judge ("ALJ").  A hearing was held on September 1, 2020, before ALJ Therese Hardiman. (T at 32-63). Plaintiff appeared with an attorney and testified. (T at 37-57). The ALJ also received testimony from Nadine Henzes, a vocational expert. (T at 58-62).

### B.    ALJ's Decision

On January 22, 2021, the ALJ issued a decision denying the application for benefits. (T at 8-30).  The ALJ found that Plaintiff had not engaged in substantial gainful activity since August 18, 2018 (the alleged onset date) and meets the insured status requirements of the Social Security Act through December 31, 2023 (the date last insured). (T at 13).

---

[2] Citations to "T" refer to the administrative record transcript at Docket No. 7.

The ALJ concluded that Plaintiff's degenerative disc and joint disease of the lumbar spine, status post lumbar laminectomy and fusion L4/5, 5/S1; bipolar disorder; depressive disorder; and anxiety disorder were severe impairments as defined under the Act. (T at 14).

However, the ALJ found that Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments in 20 CFR Part 403, Subpart P, Appendix 1. (T at 16).

The ALJ then determined that Plaintiff retained the residual functional capacity ("RFC") to perform a narrow range of light work, as defined in 20 CFR 404.1567 (b), with the following limitations: he can lift/carry 20 pounds occasionally and 10 pounds frequently; stand/walk for four hours and sit for six hours in an 8-hour workday; occasionally climb stairs and ramps, but no climbing of ladders, ropes or scaffolds; and occasionally balance, stoop, kneel, crouch and crawl, but must avoid concentrated levels of vibration and hazards such as heights. (T at 19).

The ALJ also found Plaintiff limited to unskilled work activity, as defined in *Dictionary of Occupational Titles* (DOT), with that work being "low stress," *i.e.*, not requiring more than occasional decision making and only occasional changes in the work setting. (T at 19).

3

The ALJ concluded that Plaintiff could not perform his past relevant work as a hoist operator, pump generator/maintenance operator, or forklift operator. (T at 23).  However, considering Plaintiff's age (33 on the alleged onset date), education (at least high school), work experience, and RFC, the ALJ determined that there are jobs that exist in significant numbers in the national economy that Plaintiff can perform. (T at 23).

As such, the ALJ found that Plaintiff had not been under a disability, as defined under the Social Security Act, and was not entitled to benefits for the period between August 18, 2018 (the alleged onset date) and January 22, 2021 (the date of the ALJ's decision). (T at 24-25).

On November 24, 2021, the Appeals Council denied Plaintiff's request for review, making the ALJ's decision the Commissioner's final decision. (T at 1-5).

C.   *Procedural History*

Plaintiff commenced this action, by and through his counsel, by filing a Complaint on January 25, 2022. (Docket No. 1).  On October 5, 2022, Plaintiff filed a motion for judgment on the pleadings, supported by a memorandum of law. (Docket No. 13, 14).  The Commissioner interposed a cross-motion for judgment on the pleadings, supported by a memorandum of law, on December 5, 2022. (Docket No. 16, 17).

4

## II.  APPLICABLE LAW

*A.     Standard of Review*

"It is not the function of a reviewing court to decide de novo whether a claimant was disabled."  *Melville v. Apfel*, 198 F.3d 45, 52 (2d Cir. 1999). The court's review is limited to "determin[ing] whether there is substantial evidence supporting the Commissioner's decision and whether the Commissioner applied the correct legal standard."  *Poupore v. Astrue*, 566 F.3d 303, 305 (2d Cir. 2009) (per curiam).

The reviewing court defers to the Commissioner's factual findings, which are considered conclusive if supported by substantial evidence. *See* 42 U.S.C. § 405(g). "Substantial evidence" is "more than a mere scintilla" and "means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  *Lamay v. Commissioner of Soc. Sec.*, 562 F.3d 503, 507 (2d Cir. 2009) (internal quotations omitted) (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971)).

"In determining whether the agency's findings are supported by substantial evidence, the reviewing court is required to examine the entire record, including contradictory evidence and evidence from which conflicting inferences can be drawn."  *Talavera v. Astrue*, 697 F.3d 145, 151 (2d Cir. 2012) (internal quotations omitted).

"When there are gaps in the administrative record or the ALJ has applied an improper legal standard," or when the ALJ's rationale is unclear, remand "for further development of the evidence" or for an explanation of the ALJ's reasoning is warranted.  *Pratts v. Chater*, 94 F.3d 34, 39 (2d Cir. 1996).

### B.    *Five-Step Sequential Evaluation Process*

Under the Social Security Act, a claimant is disabled if he or she lacks the ability "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months ...."  42 U.S.C. § 423(d)(1)(A).

A claimant's eligibility for disability benefits is evaluated pursuant to a five-step sequential analysis:

> 1. The Commissioner considers whether the claimant is currently engaged in substantial gainful activity.
>
> 2. If not, the Commissioner considers whether the claimant has a "severe impairment" which limits his or her mental or physical ability to do basic work activities.
>
> 3. If the claimant has a "severe impairment," the Commissioner must ask whether, based solely on medical evidence, claimant has an impairment listed in Appendix 1 of the regulations. If the claimant has one of these enumerated impairments, the Commissioner will automatically consider him disabled, without

considering vocational factors such as age, education, and work experience.

4. If the impairment is not "listed" in the regulations, the Commissioner then asks whether, despite the claimant's severe impairment, he or she has residual functional capacity to perform his or her past work.

5. If the claimant is unable to perform his or her past work, the Commissioner then determines whether there is other work which the claimant could perform.

*See Rolon v. Commissioner of Soc. Sec*., 994 F. Supp. 2d 496, 503

(S.D.N.Y. 2014); *see also* 20 C.F.R. §§ 404.1520(a)(4)(i)–(v),

416.920(a)(4)(i)–(v).

The claimant bears the burden of proof as to the first four steps; the burden shifts to the Commissioner at step five. *See Green-Younger v. Barnhart*, 335 F.3d 99, 106 (2d Cir. 2003). At step five, the Commissioner determines whether claimant can perform work that exists in significant numbers in the national economy. *See Butts v. Barnhart*, 416 F.3d 101, 103 (2d Cir. 2005); 20 C.F.R. § 404.1560(c)(2).

## III.  DISCUSSION

Plaintiff raises four main arguments in support of his request for reversal of the ALJ's decision.  First, he challenges the ALJ's Listings analysis.  Second, Plaintiff argues that the ALJ's assessment of the medical opinion evidence was flawed, which undermines the RFC

determination.  Third, Plaintiff contends that the ALJ's step five analysis did not incorporate all his limitations.  Fourth, he argues that the ALJ erred in assessing the degree of limitation imposed by his mental impairments.

This Court will address each argument in turn.

A.    Listings

At step three of the sequential evaluation, the ALJ must determine whether the claimant has an impairment or combination of impairments that meets or equals an impairment listed in Appendix 1 of the Regulations (the "Listings"). See 20 C.F.R. §§ 404.1520(d), 416.920(d). If a claimant meets or equals a listed impairment, she is "conclusively presumed to be disabled and entitled to benefits." *Bowen v. City of New York*, 476 U.S. 467, 471, 106 S. Ct. 2022, 90 L. Ed. 2d 462 (1986). "The claimant bears the burden of establishing that his or her impairments match a Listing or are equal in severity to a Listing." *Henry v. Astrue*, 32 F. Supp. 3d 170, 182 (N.D.N.Y. 2012) (citing *Naegele v. Barnhart*, 433 F.Supp.2d 319, 324 (W.D.N.Y.2006)).

Here, the ALJ found that Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the Listings. (T at 16).

Plaintiff argues that his impairments medically equal the requirements of Listing 1.04 (A) (Disorders of the Spine).

However, "to support a finding that a claimant is *disabled* based on medical equivalence, the record must contain an opinion from a medical or psychological consultant." *Mattioli v. Berryhill*, No. 3:17-CV-1409(WIG), 2018 WL 5669163, at *5 (D. Conn. Nov. 1, 2018)(emphasis in original)(citing SSR 17-2p).

Here, no such opinion is present.  In fact, neither of the State Agency review consultants (Dr. Franyutti and Dr. Maas) found that Plaintiff's impairments met or medically equaled a Listing. (T at 71-72, 83-84).

In addition and in the alternative, although Plaintiff cites evidence of limitation and references medical procedures related to his degenerative disc and joint disease of the lumbar spine, the ALJ specifically considered Listing 1.04 and supported her conclusion that Plaintiff's impairments did not meet or medically equal that Listing with a reasonable reading of the record evidence, including numerous neurological examinations with generally unremarkable findings, along with the conclusions of the State Agency review physicians. (T at 17, 397, 414-15, 417-18, 422-23).

The Court, therefore, finds the ALJ's Listings analysis supported by substantial evidence and consistent with applicable law.

### B.    Medical Opinion Evidence

"Regardless of its source, the ALJ must evaluate every medical opinion in determining whether a claimant is disabled under the [Social Security] Act." *Pena ex rel. E.R. v. Astrue*, No. 11-CV-1787 (KAM), 2013 WL 1210932, at *14 (E.D.N.Y. Mar. 25, 2013) (citing 20 C.F.R. §§ 404.1527(c), 416.927(d) (2020)) (internal quotation marks omitted).

In January of 2017, the Social Security Administration promulgated new regulations regarding the consideration of medical opinion evidence. The revised regulations apply to claims filed on or after March 27, 2017. *See* 20 C.F.R. § 404.1520c.  Because Plaintiff applied for benefits after that date, the new regulations apply here.

The ALJ no longer gives "specific evidentiary weight to medical opinions," but rather considers all medical opinions and "evaluate[s] their persuasiveness" based on supportability, consistency, relationship with the claimant, specialization, and other factors. *See* 20 C.F.R. § 404.1520c (a), (b)(2).   The ALJ is required to "articulate how [he or she] considered the medical opinions" and state "how persuasive" he or she finds each opinion, with a specific explanation provided as to the consistency and supportability factors. *See* 20 C.F.R. § 404.1520c (b)(2).

Consistency is "the extent to which an opinion or finding is consistent with evidence from other medical sources and non-medical sources." *Dany Z. v. Saul*, 531 F. Supp. 3d 871, 882 (D. Vt. 2021)(citing 20 C.F.R. § 416.920c(c)(2)).  The "more consistent a medical opinion" is with "evidence from other medical sources and nonmedical sources," the "more persuasive the medical opinion" will be. *See* 20 C.F.R. § 404.1520c(c)(2).

Supportability is "the extent to which an opinion or finding is supported by relevant objective medical evidence and the medical source's supporting explanations." *Dany Z*, 531 F. Supp. 3d at 881. "The more relevant the objective medical evidence and supporting explanations presented by a medical source are to support his or her medical opinion(s) or prior administrative medical finding(s), the more persuasive the medical opinions or prior administrative medical finding(s) will be." 20 C.F.R. § 404.1520 (c)(1), 416.920c(c)(1).

In the present case, Dr. Allister Williams, a treating physician, completed a medical source statement in October of 2020.  Dr. Williams opined that Plaintiff could occasionally lift/carry up to 10 pounds; sit for 2 hours in an 8-hour workday; stand/walk for 1 hour in an 8-hour workday; perform occasional reaching; occasionally climb stairs and ramps and balance; but never stoop, kneel, crouch, or crawl. (T at 618-23).

The ALJ found Dr. Williams's opinion "not very persuasive." (T at 22-23).  The ALJ's assessment is supported by substantial evidence, including Dr. Williams's own treatment notes.

A note from May of 2020 recorded that Plaintiff was experiencing low back pain, but that Plaintiff's pain had "improved dramatically with almost complete resolution of lower extremity radiculopathy." (T at 616).  Plaintiff was "weaning off [his] medications" and "very happy." (T at 616).

In July of 2020, Dr. Williams described Plaintiff as "doing extremely well" following lumbar fusion. (T at 613).  Although Dr. Williams provided Plaintiff with a "note to be out of work," he intended to follow-up the following month and "start talking about what we can do to get him back into the workforce in the next few months." (T at 613-14).

The documented neurological examinations are generally unremarkable, including normal and symmetric reflexes and intact sensation. (T at 397, 414-15, 417-18, 422-23).

The ALJ reasonably read these treatment notes as inconsistent with the extreme limitations set forth in Dr. Williams's opinion.  *See Aguirre v. Saul*, No. 20 Civ. 4648 (GWG), 2021 U.S. Dist. LEXIS 203693, at *20-21 (S.D.N.Y. Oct. 22, 2021) (finding that ALJ "properly concluded" that treating physician's medical opinion "lacked support" from his own treatment notes);

20 C.F.R. § 404.1520c(c)(1) ("The more relevant the objective medical evidence and supporting explanations presented by a medical source are to support his or her medical opinion(s) . . . the more persuasive the medical opinions . . . will be."); *see generally Sanders v. Comm'r of Soc. Sec.*, No. 20-cv-2229 (ALC), 2021 U.S. Dist. LEXIS 174598, at *50 (S.D.N.Y. Sep. 14, 2021)(affirming ALJ's decision to discount treating physician's assessment of disabling arthritis symptoms based on, *inter alia*, treatment notes showing normal motor strength, no tenderness, no significant neurological deficits or muscle weakness).

Additional support for the ALJ's decision is found in the assessments of the State Agency review physicians.

Dr. Fulvio Franyutti opined that Plaintiff could occasionally lift/carry 20 pounds; frequently lift/carry 10 pounds; stand/walk for 4 hours; sit for about 6 hours in an 8-hour workday; occasionally climb ramps/stairs, balance, stoop, kneel, crouch, and crawl; but never climb ladders, ropes, or scaffolds. (T at 70-72).  Dr. Kurt Maas reaffirmed these findings on reconsideration. (T at 82-84).

"'[S]tate agency physicians are qualified as experts in the evaluation of medical issues in disability claims,' and as such, 'their opinions may constitute substantial evidence if they are consistent with the record as a

whole.'" *Distefano v. Berryhill*, 363 F. Supp. 3d 453, 474 (S.D.N.Y. 2019)(quoting *Leach ex rel. Murray v. Barnhart,* 02 Civ. 3561, 2004 U.S. Dist. LEXIS 668, at *26 (S.D.N.Y. Jan. 22, 2004)); *see also Ortiz v. Comm'r of Soc. Sec.*, 309 F. Supp. 3d 189, 205 (S.D.N.Y. 2018)("Moreover, the opinion of a non-examining medical expert … may be considered substantial evidence if consistent with the record as a whole.").

Plaintiff challenges the ALJ's assessment of the medical opinion evidence, and the RFC determination more broadly, by citing evidence of pain, limitation, and treatment for his impairments and offering a more restrictive interpretation of the record.

However, when the record contains competing medical opinions, it is the role of the Commissioner, and not this Court, to resolve such conflicts. *See Veino v. Barnhart*, 312 F.3d 578, 588 (2d Cir. 2002)("Genuine conflicts in the medical evidence are for the Commissioner to resolve.").

"Substantial evidence is "a very deferential standard of review — even more so than the 'clearly erroneous' standard." *Brault v. SSA*, 683 F.3d 443, 447-48 (2d Cir. 2012) (per curiam) (citation omitted). "The substantial evidence standard means once an ALJ finds facts, [a court] can reject those facts only if a reasonable factfinder would *have to conclude otherwise*." Id. at 448 (emphasis in original) (citation and internal quotation

marks omitted). "The role of the reviewing court is therefore quite limited and substantial deference is to be afforded the Commissioner's decision." *Johnson v. Astrue*, 563 F. Supp. 2d 444, 454 (S.D.N.Y. 2008)(citation and internal quotation marks omitted).

Indeed, "[i]f the reviewing court finds substantial evidence to support the Commissioner's final decision, that decision must be upheld, even if substantial evidence supporting the claimant's position also exists." *Id.* (citing *Alston v. Sullivan*, 904 F.2d 122, 126 (2d Cir. 1990)); *see also McIntyre v. Colvin*, 758 F.3d 146, 149 (2d Cir. 2014) ("If evidence is susceptible to more than one rational interpretation, the Commissioner's conclusion must be upheld.")(citation omitted).

In the present case the ALJ did not dismiss the evidence of pain and limitation, but gave it careful consideration and found Plaintiff limited to a narrow range of light work. (T at 19).

"[D]isability requires more than mere inability to work without pain." *Dumas v. Schweiker*, 712 F.2d 1545, 1552 (2d Cir. 1983). "Otherwise, eligibility for disability benefits would take on new meaning." *Id.*

For these reasons the Court finds the ALJ's assessment of the medical opinion evidence, and RFC determination, supported by substantial evidence and consistent with applicable law.

C.    *Step Five Analysis*

At step five of the sequential analysis, the Commissioner determines whether claimant can perform work that exists in significant numbers in the national economy.  The Commissioner bears the burden of proof at this step. *See Butts*, 416 F.3d at 103; 20 C.F.R. § 404.1560(c)(2).

In the present case, the ALJ found that there were jobs that exist in significant numbers in the national economy that Plaintiff can perform. (T at 23-24).  In reaching this conclusion, the ALJ relied on the opinion of a vocational expert, who testified that a hypothetical claimant with the limitations set forth in the RFC determination could perform the representative occupations of office helper, information clerk, and cashier, which exist in significant numbers in the national economy. (T at 24, 58-62).

Plaintiff contends that the ALJ's step five analysis is flawed.  He argues that the hypothetical questions presented to the vocational expert during the administrative hearing did not include all his limitations.

This argument is a restatement of Plaintiff's other challenges to the ALJ's decision and is unavailing for the reasons outlined above.  *See Wavercak v. Astrue*, 420 F. App'x 91, 95 (2d Cir. 2011)("Because we have already concluded that substantial record evidence supports the RFC finding, we necessarily reject Wavercak's vocational expert challenge.").

D.       *Mental Impairments*

The Commissioner uses a "special technique" to evaluate the severity of mental impairments at step two of the sequential analysis. *See* 20 C.F.R. § 404.1520a(a).

The ALJ rates the degree of functional limitation resulting from the claimant's mental impairment(s) to determine whether the impairment(s) is/are "severe." *See id*. at § 404.1520a(d)(1).

To perform this analysis, the ALJ considers the degree of limitation in four (4) broad functional areas – understanding, remembering, or applying information; interacting with others; concentrating, persisting, or maintaining pace; and adapting or managing oneself.  If the limitation in these domains is no more than "mild," and if the evidence does not otherwise indicate more than a mild limitation in the claimant's activity to perform basic work activities, then the mental impairment(s) will be considered non-severe. *See id.*

In the present case, the ALJ found that Plaintiff's bipolar disorder, depressive disorder, and anxiety disorder were severe impairments. (T at 14).  The ALJ rated Plaintiff's degree of limitation as follows: no limitation in understanding, remembering, or applying information; no limitation with respect to interacting with others; moderate limitation in his ability to

17

concentrate, persist, and maintain pace; and mild limitation in adapting and managing himself. (T at 17-18).

The ALJ's assessment was supported by substantial evidence, including descriptions of Plaintiff's activities of daily living, which included personal care, preparing simple meals, caring for a family pet, and shopping (T at 279-80, 283-84), ability to relate to others (T at 281-83), and capacity for appropriate attention and concentration. (T at 634, 638-39, 642-43, 655).

Dr. John Vigna, a non-examining State Agency review consultant, found Plaintiff's mental impairments non-severe, assessing mild limitation with respect to concentration, persistence, and pace and mild impairment in Plaintiff's ability to adapt or manage himself. (T at 68-69).  Dr. John Chiampi reached the same conclusion on reconsideration. (T at 80-81).

The Court, accordingly, finds no error in this aspect of the ALJ's decision.

## IV.  CONCLUSION

For the foregoing reasons, Plaintiff's Motion for Judgment on the Pleadings (Docket No. 13) is DENIED; the Commissioner's Motion for Judgment on the Pleadings (Docket No. 16) is GRANTED; and this case is DISMISSED. The Clerk is directed to enter final judgment in favor of the Commissioner and then close the file.

Dated: June 11, 2023           *s / Gary R. Jones*
                              GARY R. JONES
                              United States Magistrate Judge